IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| STEPHEN J. CEROVSKI,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>    Defendant. | CV-11-39-GF-SEH-RKS<br><br><br>**FINDINGS &<br>RECOMMENDATIONS** |

## I. SYNOPSIS

Mr. Stephen Cerovski instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.

Jurisdiction vests pursuant to 42 U.S.C. § 405(g). The case was referred to the undersigned for the submission of proposed findings and recommendations by United States District Judge Sam E. Haddon on August 2, 2011. C.D. 7. Now pending are Plaintiff's Motion for Summary Judgment and Defendant's Motion for

Summary Judgment. C.D. 13 & 17. Plaintiff's motion should be granted, Defendant's motion should be denied, and this matter should be remanded for an immediate award of benefits.

## II. PROCEDURAL BACKGROUND

Mr. Cerovski protectively filed his claim for DIB under §§ 1602 and 1614(a)(3)(A) of Title XVI of the Social Security Act, 42 U.S.C. § 1318a, on April 12, 2007, alleging a disability onset date of September 1, 2006. Tr. 124. On September 19, 2007, his claims were denied, Tr. 85-87, and again upon reconsideration on November 19, 2008. Id. Mr. Cerovski filed a request for hearing on November 25, 2008. Tr. 92-94. A hearing de novo was held on September 16, 2009. Tr. 25-81.

A request for a review of the hearing decision to the Appeals Council was made by the Plaintiff on March 3, 2010. Tr. 7. The Appeals Council denied this request, and the ALJ's decision is the final decision of the Commissioner for this case. Plaintiff is seeking judicial review of this decision pursuant to §205(g) of the Social Security Act.

## III. STANDARD OF REVIEW

The Court has discretion to affirm, modify, or reverse the Commissioner's decision with or without a rehearing. 42 U.S.C. § 405(g). The Court may set aside

the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While the Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

**IV. BURDEN OF PROOF**

A claimant is disabled for purposes of the Social Security Act if the claimant proves by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. At step one, a claimant must show that he or she is not currently engaged in substantial gainful activity. Id. At step two the claimant must demonstrate that he has a severe impairment. Id. At step three the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Id. If that case is made, at step five the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial

gainful work existing in the national economy given the claimant's age, education, work experience, and residual functional capacity ("RFC"). Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

## V. DISCUSSION

The parties agree the ALJ's determinations at steps one, two, and three were correct. C.D. 14, p. 2-4; C.D. 18, p. 3. The ALJ found Mr. Cerovski has not engaged in substantial gainful activity since his alleged onset of disability. Tr. 12. At step two, the ALJ found Mr. Cerovski has the following severe impairments: human immunodeficieny virus infection (HIV); major depressive disorder with anxiety; obstructive airway disease; degenerative changes of the cervical spine; and bilateral epicondylitis. Tr. 12.

At step three the ALJ found none of Mr. Cerovski's impairments or combination of impairments met the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 13.

Next the ALJ considered Mr. Cerovski's RFC, or his ability to do physical and mental work despite his severe and non-severe impairments. Tr. 15-17. In making this determination, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms. If statements about these factors are not substantiated by the medical record, the ALJ must determine the credibility of

the claimant's statements. 20 C.F.R. § 416.929.

**Credibility Determination**

The ALJ determined "[f]or the most part, the claimant's testimony and statements about his symptoms and functional limitations are credible. However, his statements concerning the intensity, persistence and limiting effects of his symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Tr. 16.

Mr. Cerovski argues the ALJ erred by not specifying which symptom testimony he found incredible and by not stating clear and convincing reasons for his disbelief. C.D. 14, p. 6. Mr. Cerovski contends the medical records relied upon by the ALJ did not address all his limiting conditions and were dated prior to his worsening neuropathy. C.D. 14, p. 7. The Commissioner argues the medical evidence does not support incapacitating side effects and symptoms. C.D. 18, p. 5. The Commissioner further contends the ALJ properly surmised that Mr. Cerovski's move from California to Montana in 2007 to care for his father was a factor in his unemployment. C.D. 18, p. 6. Finally, the Commissioner argues that Mr. Cerovski's chronic diarrhea does not interfere with his ability to work because he has had the condition for 20 years and has worked during that time. C.D. 18, p. 7. The Commissioner provides that all of these factors provided substantial support

for the ALJ's determination that Mr. Cerovski was not entirely credible.

"If there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the Secretary's reason for rejecting the claimant's testimony must be clear and convincing and supported by specific findings." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)(internal citations omitted). General findings are insufficient. Id.

Here, the ALJ found Mr. Cerovski's HIV, pain, and depression are fairly well-controlled with prescription medication. Tr. 16. The ALJ then cited the following evidence as supporting his credibility finding:

- Mr. Cerovski indicated to a treatment provider on August 23, 2007, that his pain was manageable with treatment and interfered only a little with work and daily tasks;

- Mr. Cerovski was used to his chronic diarrhea after 20 years;

- Mr. Cerovski ambulates without assistance and his progress exams were essentially normal; and

- Mr. Cerovski's unemployment may be more related to his care-taking role for his father than the severity of his medical condition.

Tr. 16.

First, the ALJ provides little support for his finding that Mr. Cerovski's severe impairments are well-controlled by medications. At his hearing, Mr.

Cerovski stated that the arthritis in his arm and shoulder was getting worse, and the neuropathy in his feet was tremendously worse. Tr. 39. Mr. Cerovski also reported having severe depression with suicidal ideation that was much more debilitating within the year prior to his hearing, and that his anti-depressant medications were not effective. Tr. 62-64.

    The only support the ALJ provides for his determination that Mr. Cerovski's impairments are well-controlled with medications is a medical record from August 2007. Tr. 16. The ALJ points out that Mr. Cerovski said his pain was manageable with treatment and it only interfered "a little" with his daily tasks at that time. Mr. Cerovski argues that this form only dealt with his arm and foot pain, which are not his most limiting conditions, and his pain has increased significantly since he filled out that form. C.D. 20, p. 5. Mr. Cerovski also reported on the same form that his pain was "distressing" within the previous 24 hours, and it interfered "a lot" with his sleep and enjoyment of life. Tr. 438. This record from 2007 is not sufficient evidence to reach the clear and convincing standard required for the ALJ to discount Mr. Cerovski's pain testimony. The ALJ does not account for Mr. Cerovski's testimony that his pain increased significantly after he filled out the form; the form only deals with Mr. Cerovski's arm and foot pain and none of his other severe impairments; and the form indicated that Mr. Cerovski's pain was

distressing at times and significantly interfered with his enjoyment of life and sleep.

The ALJ's finding that Mr. Cerovski was not credible because he reported he was used to having chronic diarrhea after dealing with it for 20 years also is unavailing. The Commissioner argues that because Mr. Cerovski had worked in the past 20 years while experiencing chronic diarrhea, it was not disabling. C.D. 18, p. 7. Mr. Cerovski responds that he was on Social Security disability from 1992 through 2000 when he chose to return to work, and his impairments, which were already found to be disabling, have gotten worse. C.D. 20, p. 5-6. Mr. Cerovski testified that his diarrhea is sometimes uncontrollable and requires him to carry a change of clothing with him. Tr. 56. The fact that Mr. Cerovski reported being used to dealing with chronic diarrhea after 20 years is not a clear and convincing reason for finding him not credible.

The ALJ's finding in support of his credibility determination that Mr. Cerovski ambulates without assistance and his progress exams were essentially normal is both general and irrelevant. Nowhere does Mr. Cerovski allege that he needs assistance to walk. None of his severe impairments involve requiring assistance with walking. Although his treating physician opined that Mr. Cerovski could only walk half a city block without rest or severe pain (Tr. 16), there was

never any indication that Mr. Cerovski needs help walking short distances. Thus, the relevance of this finding is questionable. The finding that Mr. Cerovski's exams have "been essentially normal" is similarly questionable. The exams cited by the ALJ document Mr. Cerovski's diagnoses and treatment for AIDS, gastroesophageal reflux disorder (GERD), arthritis, depression and anxiety, memory loss, dyslipidemia, fatigue, pneumonia, bronchitis, diarrhea, and asthma. Tr. 472-477. While this may be "normal" for Mr. Cerovski, it certainly could not be considered a normal state of health.

Finally, the ALJ's finding that Mr. Cerovski's unemployment could be more related to moving to Montana to care for his father than the severity of his symptoms is speculative and not supported by specific evidence.

Mr. Cerovski presented medical evidence establishing an objective basis for some degree of pain and related symptoms, and there is no indication in the record that he was malingering. In fact, he qualified for social security benefits in 1992 with a similar list of impairments. The ALJ was thus required to provide clear and convincing reasons supported by specific evidence for discounting Mr. Cerovski's credibility. Dodrill, 12 F.3d at 918. He did not do so. Although finding Mr. Cerovski mostly credible, the ALJ did discount some of his testimony in areas crucial to his finding that Mr. Cerovski is not disabled. The ALJ erred by not

providing clear and convincing reasons supported by specific evidence in determining Mr. Cerovski was not wholly credible.

**Medical Testimony**

The ALJ also weighed the reports of Mr. Cerovski's treating and non-treating medical sources in determining his RFC. The ALJ must resolve any conflicts in the claimant's medical record. Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008). The ALJ considers the following factors in evaluating medical opinions: the examining and treatment relationship with the claimant, the support provided for the opinion, the source's medical specialty, the opinion's consistency with other evidence in the record, and any other factors supporting or contradicting the opinion. 20 C.F.R. 404.1527(d). Treating sources' opinions are generally entitled to more weight than non-treating sources. Carmickle, 533 F.3d at 1164. Examining sources' opinions are given greater weight than non-examining sources. 20 C.F.R. § 404.1527(d). The opinions of specialists are given more weight than non-specialists in matters relating to their specialty. 20 C.F.R. § 404.1527(d)(5).

If a treating source's opinion is uncontradicted it is generally accorded controlling weight and the ALJ must give clear and convincing reasons for rejecting the opinion. Carmickle, 533 F.3d at 1164. This is because treating

physicians have a "detailed, longitudinal picture of the claimant's medical impairments and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." 20 CFR 404.1527(d)(2). "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion." 20 C.F.R. 416.927(d)(2)(i). When a treating source's opinion is contradicted by another acceptable medical source, the ALJ must have specific and legitimate reasons for rejecting the opinion. Carmickle, 533 F.3d at 1164.

Mr. Cerovski argues the ALJ erred by not giving the opinion of his treating physician, Dr. Malloy, controlling weight. C.D. 14, p. 11. Mr. Cerovski contends Dr. Malloy's opinions are consistent with his testimony, his treatment records, and the opinions of other treating physicians. Id. Mr. Cerovski points to records from Dr. Somero who found him disabled under California state law in 2006-2007 due to late stage HIV infection, severe fatigue, frequent UTIs, anxiety, and depression. Tr. 338-342. Dr. Comes was also Mr. Cerovski's treating physician, and she opined in March 2010 (after the hearing and the ALJ's decision) that he "does meet qualifications for disability based on his chronic disease as well as recalcitrant mood issues." Tr. 518.

The Commissioner argues Dr. Malloy's opinions are inconsistent with his own treatment notes which routinely indicated normal physical examinations, and with other evidence in the medical record. Id. C.D. 18, p. 9. The Commissioner also argues two examining physicians opined Mr. Cerovski could do some work, providing the ALJ with acceptable reasons for discounting Dr. Malloy's opinions. Id. at 10.

Dr. Malloy was Mr. Cerovski's treating physician for the majority of the period of alleged disability. Dr. Malloy saw Mr. Cerovski every three months for his HIV, depression, chronic diarrhea, fatigue, joint pain, and peripheral neuropathy. Tr. 467. In November 2008, Dr. Malloy opined that Mr. Cerovski was unable to meet competitive standards in the workplace in the following areas:

- Understand, remember, and carry out very short and simple instructions;
- Work with others with being unduly distracted or distracting;
- Complete a normal workday without interruption from psychologically based symptoms;
- Perform routine repetitive work without an unreasonable amount of breaks;
- Deal with semiskilled and skilled work.

Tr. 468. Dr. Malloy opined that Mr. Cerovski had marked difficulties completing tasks due to his deficiencies in concentration, persistence, or pace. Tr. 469. Dr. Malloy opined Mr. Cerovski could sit only 20 minutes continuously, stand 30 minutes, and he would need more than 10 unscheduled breaks during each

workday, with a 30 minute recovery period before returning to work. Tr. 470. Dr. Malloy found Mr. Cerovski could rarely lift ten pounds and never lift twenty pounds. Tr. 470.

Mr. Cerovski argues the ALJ was required to have clear and convincing reasons supported by substantial evidence to discount Dr. Malloy's opinions. Because Dr. Malloy's specific findings regarding Mr. Cerovski's physical limitations are uncontradicted by other physicians, the clear and convincing standard applies, according to Mr. Cerovski. C.D. 14, p. 11. The Commissioner does not address what standard applies to the ALJ's determination. However, the Commissioner points to two examining physicians who indicated Mr. Cerovski could perform "some work-related activity" Tr. 411, or return to work full-time Tr. 380. Although not specifically articulated, the Commissioner's argument seems to be that Dr. Malloy's testimony is in essence contradicted by these examining physicians' opinions because Dr. Malloy's extreme physical limitations for Mr. Cerovski render him unemployable. If the treating physician's opinion is contradicted by an acceptable medical source, the ALJ is only required to have specific and legitimate reasons for discounting his opinion. Carmickle, 533 F.3d at 1164.

While the argument for applying the clear and convincing reasons standard

is appealing because no physician contradicted Dr. Malloy's specific physical limitations, given the deferential standard of review applied to the ALJ's findings here, the specific and legitimate standard will be applied. Even applying the specific and legitimate standard, the ALJ did not have sufficient reasons and evidence to discount Dr. Malloy's opinions.

Dr. Malloy has the "detailed, longitudinal picture of the claimant's medical impairments" contemplated by 20 CFR 404.1527(d)(2), requiring his opinion to be given more weight under 20 C.F.R. 416.927(d)(2)(i). Dr. Malloy said Mr. Cerovski could not meet competitive workplace standards in many basic areas, and severely limited his physical abilities such that Mr. Cerovski is unemployable. Mr. Cerovski's other treating physician within the alleged period of disability, Dr. Somero, opined that he is disabled. The ALJ did not give specific and legitimate reasons for rejecting these opinions. The ALJ again states that Mr. Cerovski had "relatively normal physical exams" and is capable of walking without assistance. These reasons are not legitimate as discussed previously regarding the ALJ's credibility determination. The only specific evidence the ALJ uses to support his rejection of Dr. Malloy's testimony is the August 2007 record of Dr. Peterson, a physician who examined Mr. Cerovski one time and concluded he could "engage in some work-related activity." Tr. 411. This one general opinion is not a specific

and legitimate reason to disregard two treating physicians' opinions that Mr. Cerovski is disabled. Benecke v. Barnhart, 379 F.3d 587, 592-593 (9th Cir. 2004). The ALJ erred by so finding.

**Remand for an Award of Benefits**

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke, 379 F.3d at 593. When the record is fully developed and further proceedings would serve no useful purpose, remand for an immediate award of benefits is appropriate. Id. Evidence rejected by the ALJ should be credited as true and benefits awarded if "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Id., citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). When the ALJ errs in his credibility findings and improperly discounts the opinions of treating physicians, that evidence should be credited as true. Benecke, 379 F.3d at 594.

Here, the ALJ did not provide legally sufficient reasons for his credibility determination or for rejecting Dr. Malloy's testimony. No further issues must be resolved, and the record clearly indicates that if the ALJ had properly considered

Dr. Malloy's opinions and Mr. Cerovski's testimony, he would have found Mr. Cerovski disabled. The testimony of the Vocational Expert demonstrates a person with Mr. Cerovski's limitations as outlined by Dr. Malloy would not be capable of full-time sustained work activity. Tr. 78-80. The Plaintiff's motion should be granted and this matter should be remanded for an immediate award of benefits.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED**

1. Plaintiff's Motion for Summary Judgment be **GRANTED**.

2. The Commissioner's Motion for Summary Judgment be **DENIED**.

3. This matter should be **REMANDED FOR AN IMMEDIATE AWARD OF BENEFITS.**

NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure

to timely file written objections may bar a de novo determination by the district judge.

DATED this 21st day of February, 2012.

/s/Keith Strong
Keith Strong
United States Magistrate Judge